# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **MELANEE PACKARD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ZOOM HOLDINGS, LLC,** a Florida limited liability company, and **NEXTDOOR HOLDINGS LLC**, a Florida limited liability company,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Melanee Packard ("Plaintiff" or "Packard") brings this Class Action Complaint and Demand for Jury Trial against Defendant Zoom Holdings, LLC ("Defendant" or "Zoom") and Defendant NextDoor Holdings LLC, ("Defendant" or "NextDoor") to stop Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making calls to cellular telephone numbers using pre-recorded voice messages *without consent* to consumers. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Melanee Packard is a resident of North Port, Florida.

2. Defendant Zoom is a Delaware limited liability company with its principal place of business at 2407 Nassau Lane, Fort Lauderdale, Florida. Defendant Zoom conducts business throughout this District, Florida, and the U.S.

3. Defendant NextDoor is a Florida limited liability company with its principal place of business at 2407 Nassau Lane, Fort Lauderdale, Florida. Defendant NextDoor conducts business throughout this District, Florida, and the U.S.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and the wrongful conduct giving rise to this case was directed by the Defendants into this District.

## INTRODUCTION

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls.

2

The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

8. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in June 2022 alone, at a rate of 144.3 million calls per day. www.robocallindex.com (last visited July 10, 2022).

9. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

10. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

11. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

12. Defendant NextDoor is a home buying company operating in multiple states across the U.S. Defendant NextDoor Holdings LLC buys houses, renovates them, and sells or leases them out to buyers.



[3]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://nextdoorholdings.com/



[4]

13. Defendant NextDoor and Defendant Zoom place cold calls to consumers to find homeowners from whom Defendant NextDoor could buy a house for advancing their own business.

14. Defendant Zoom places cold calls to consumers, including pre-recorded calls, without ever obtaining their express consent to place such calls, like in Plaintiff Packard's case.

15. Defendant Zoom uses automated systems to send outbound calls, including calls using pre-recorded voice messages, to hundreds if not thousands of consumers across the U.S., trying to get consumers to callback Defendant NextDoor to solicit their real estate services to the consumers.

---

[4] https://nextdoorholdings.com/

16. As in Plaintiff's experience, Defendant Zoom sent a pre-recorded voice message to Plaintiff's cell phone, providing her a callback number, which is answered by Defendant NextDoor.

17. Defendant NextDoor hires employees for placing cold calls using dialing software called Xencall/Readymode as shown in this job post:

**JOB OVERVIEW**

Florida, USA based real estate company looking for hard working and eager individual to join our remote sales team!
Job Description:

This individual will be integral to helping homeowners sell their homes while achieving growth for the company. You will be responsible for cold calling and taking inbound sales calls to prospective home sellers. We are looking for a long-term team member looking to grow with the company both in responsibilities and compensation. To keep this position, you must be able to follow a script, properly determine the caller's interest, and continue to improve in your knowledge base. This is a full-time salary position plus bonuses.

Job Requirements:
• Strong written and verbal English skills
• Strong internet connection in a quiet work environment
• Reliable computer
• Ability to learn CRM systems
• Must be able to work full time 9am-5pm eastern standard time, Monday – Friday
• Headset with noise cancelling microphone
• Experience with Xencall/Readymode a plus!
• Real estate knowledge a plus! [5]

Application:
• All applications should be submitted to info@nextdoorholdings.com
• Please include a resume and a short bio
• Please tell us your favorite food when submitting your application
• Applications missing any of these items will not be considered [6]

---

[5] https://www.onlinejobs.ph/jobseekers/job/635212
[6] *Id.*

6

18. Xencall/Readymode can be used to leave prerecorded voicemails when an answering machine picks up a call.[7]

19. Multiple consumers have posted complaints online about receiving unwanted solicitation calls from or on behalf of Defendants, including complaints with pre-recorded voice message calls identical to the ones received by Plaintiff Packard, sent using the phone number 727-451-9719, the same phone number from which Plaintiff was also called, for instance:

-  [8]

- [9]

---

[7] https://help.readymode.com/support/solutions/articles/11000080635-using-prerecorded-messages
[8] https://800notes.com/Phone.aspx/1-813-730-4560
[9] https://directory.youmail.com/directory/phone/8137304560

-  [10]

20. In response to these calls, Plaintiff Packard brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

### PLAINTIFF PACKARD'S ALLEGATIONS

21. Plaintiff Packard is the subscriber and the sole user of the cell phone number ending with xxx-xxx-3259.

22. On May 3, 2022, at 4:48 PM, Plaintiff Packard received a call to her cell phone from the phone number 727-451-9719. Plaintiff did not answer the call,

---

[10] https://directory.youmail.com/directory/phone/7274519719

and received the following pre-recorded voicemail to her cell phone from Defendant Zoom soliciting to the purchase any property that Plaintiff was looking to sell:

> "Hey, it's John from Zoom Holdings. We're calling because we're interested in purchasing a property that you own. We've been buying homes in your neighborhood recently, so, we buy houses cash, in any condition or in any situation. We're investors that purchase these properties to renovate them in order to keep them as rentals or resale. If this is something you're interested in, we'd love to talk to you. Call us or text us anytime at 813-730-4560. Thanks."



23. On calling the phone number 727-451-9719, it was answered by the almost the same voice message which was sent to Plaintiff's cell phone.

24. On calling the phone number 813-730-4560, it is answered by an automated voice message system which identifies Defendant NextDoor Holdings, and Defendant NextDoor sends a text message immediately after the call disconnects, soliciting their real estate services.



*Text message received on June 20, 2022, from Defendant NextDoor right after call with 813-730-4560 disconnects.*

25. The unauthorized calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff by occupying her phone line, consuming memory on her phone, annoying her, disturbing the use and enjoyment of her phone, and otherwise invading her privacy.

26. Seeking redress for these injuries, Plaintiff Packard, on behalf of herself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits sending unsolicited calls to cell phones using a pre-recorded voice message.

## CLASS ALLEGATIONS

27. Plaintiff Packard brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Zoom on behalf of Defendant NextDoor called on their cellular telephone number (2) using an artificial or pre-recorded voice.

10

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants has been fully and finally adjudicated and/or released. Plaintiff Packard anticipates the need to amend the Class definition following appropriate discovery.

29. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendants or their agents placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether Defendants' conduct violated the TCPA; and

(c) whether members of the Pre-recorded No Consent Class are entitled to treble damages based on the willfulness of Defendants' conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to the Plaintiff. The Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Packard. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation

necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Packard and the Pre-recorded No Consent Class)**

33. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

34. Defendants and/or their agents transmitted unwanted telephone calls to Plaintiff Packard and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

35. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Packard and the other members of the Pre-recorded No Consent Class.

36. The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff Packard and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b)  An award of damages and costs;

c)  An order declaring that Defendants' actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Packard requests a jury trial.

**MELANEE PACKARD**, individually and on behalf of all others similarly situated,

DATED this 10th day of July, 2022.

By: /s/ *Stefan Coleman*

        Stefan Coleman (FL Bar no. 30188)
        law@stefancoleman.com
        COLEMAN PLLC
        66 West Flagler Street
        Suite 900
        Miami, FL 33130
        (877)333-9427

        Avi R. Kaufman* (FL Bar no. 84382)
        kaufman@kaufmanpa.com
        KAUFMAN P.A.
        237 South Dixie Highway, Floor 4
        Coral Gables, FL 33133
        Telephone: (305) 469-5881

        * Lead Counsel

        *Attorneys for Plaintiff and the putative Class*